DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| EZEKIEL BROOKS,<br>      Plaintiff,<br>v.<br>GLENCORE LTD., and COSMOGONY II, INC.,<br>      Defendants. | CASE NO. 1:21-cv-_____<br><br>JURY TRIAL DEMANDED |

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Glencore Ltd. ("Glencore"), by its undersigned attorney, hereby files this Notice of Removal of an action brought by Plaintiff Ezekiel Brooks in the Superior Court of the Virgin Islands, Division of St. Croix, Civil No. SX-2021-CV-00348, to the District Court of the Virgin Islands, Division of St. Croix, and expressly reserves all questions and defenses other than that of removal.  In support thereof, Glencore respectfully states as follows:

**BACKGROUND AND CITIZENSHIP OF PARTIES**

1. On or about April 9, 2021, Plaintiff filed a Complaint in the Superior Court of the Virgin Islands, Division of St. Croix, captioned *Ezekiel Brooks v. Glencore Ltd., General Engineering Corporation, and U&W Industrial Supply, Inc.*, Civil No. SX-2021-CV-00348 (hereinafter the "Superior Court Action").  On or about April 27, 2021, Plaintiff filed a First Amended Complaint amending the case caption to *Ezekiel Brooks v. Glencore Ltd., and Cosmogony II, Inc.  See* Ex. 1.  Glencore received a copy of the amended pleading setting forth the claim for relief on May 4, 2021.

2. Plaintiff Ezekiel Brooks alleges that he is a citizen of the U.S. Virgin Islands.  *See* Ex. 1 ¶ 1.

3. Defendant Glencore is a Swiss corporation with its principal U.S. place of business in New York, NY. *See id.* ¶ 2.

4. Defendant Cosmogony II, Inc. is alleged to be a U.S. Virgin Islands corporation, with its principal place of business in the U.S. Virgin Islands. *See id.* ¶ 3. It is alleged to be the successor-in-interest to General Engineering Corporation.

**GROUNDS FOR REMOVAL**

5. This Court has original jurisdiction over civil actions between citizens of different states in which the matter in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a).

6. The amount-in-controversy requirement is satisfied. Plaintiff alleges he contracted lung disease as a result of exposure to purportedly toxic substances, for which Plaintiff is seeking compensatory and punitive damages. *See* Ex. 1 ¶¶ 6–14, 60(a)–(b). Without conceding liability or the merits of Plaintiff's claims, based on these allegations, the amount in controversy exceeds $75,000.

7. Complete diversity exists among the only parties properly joined in this case: Plaintiff Ezekiel Brooks and defendant Glencore.

8. As discussed below, the other named defendant—Cosmogony II, Inc.—has been fraudulently joined by Plaintiff.[1]

---

[1] Glencore is aware of this Court's recent decision in *Paul v. Hess Corp.*, No. 2020-0102-WAL-GWC, (D.V.I. May 25, 2021) (Lewis, J.), ECF No. 29. Glencore is not a party in *Paul*. The facts and circumstances of this case are materially different from those in *Paul*. As discussed below, the evidence shows that Cosmogony II, Inc. is not a viable entity that a plaintiff would seriously pursue in the expectation of a damage recovery.

Glencore also notes that, in three separate cases in which Glencore is a party, the Magistrate Judge has issued an Order dated May 27, 2021 granting plaintiffs' motions for leave to amend their first complaint. Glencore plans to file timely objections to the Magistrate Judge's Orders pursuant to Fed. R. Civ. Proc. 72 by June 10, 2021 and reserves all rights. *See* Order, *Mitchell v. Glencore*, No. 1:21-CV-00179-WAL_GWC (D.V.I. May 27, 2021) (Cannon, Mag. J.), ECF No. 16; Order, *Theodore v. Hess Corp.*, No. 1:21-cv-00178-WAL-GWC (D.V.I. May 27, 2021) (Cannon, Mag. J.), ECF No. 27; Order, *John v. Glencore*, No. 1:21-cv-00181-WAL-GWC (D.V.I. May 27, 2021) (Cannon, Mag. J.).

9. "Joinder is fraudulent where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment." *Brown v. JEVIC*, 575 F.3d 322, 326 (3d Cir. 2009) (quoting *In re Briscoe*, 448 F.3d 201, 217 (3d Cir. 2006)). "'[A] defendant may still remove the action if . . . non-diverse defendants were fraudulently named or joined solely to defeat' federal jurisdiction." *Id.* (alterations in original) (quoting *Briscoe*, 448 F.3d at 216).

      A.    **Plaintiff Has Fraudulently Joined Cosmogony II, Inc.**

10. Cosmogony II, Inc. has been named as a defendant in this action, even though Plaintiff lacks a colorable ground for relief against Cosmogony II, Inc., and has no intention to prosecute the action against Cosmogony II, Inc..

      *i.*    *Plaintiff's counsel does not intend to pursue claims against Cosmogony II, Inc. as there is no evidence that it is a viable entity.*

11. There is no evidence (and none is cited in the FAC) that Cosmogony II, Inc. has any assets, operations, or revenues. To the contrary, the evidence shows that Cosmogony II, Inc. is nothing but a *pro forma* shell entity. As such, there is no basis under which the plaintiff would seriously intend to devote resources to pursuing claims against it.

12. There is no evidence (and none is cited in the FAC) that Cosmogony II, Inc. engages in any activity. It does not have a website, phone number, nor any known physical address, in the Virgin Islands or anywhere else.

13. All the circumstantial evidence indicates that Cosmogony II, Inc. is not a functioning entity. Submitted herewith as Exhibit 2A is the Affidavit, sworn to May 20, 2021, of Denise Johannes, Director of the Division of Corporation and Trademarks of the Office of the Lieutenant Governor of the Virgin Islands, and the custodian in charge of the corporate records

filed with the Government of the Virgin Islands.  *See* Ex. 2. Rames Decl., Ex. A, Denise Johannes Aff.

14. Ms. Johannes attests that "Cosmogony II, Inc., is not considered to be in good standing with the applicable sections of the Virgin Islands Code." *Id.* ¶ 8.

15. Ms. Johannes attests that Cosmogony II, Inc. has failed to pay its franchise taxes due on June 30, 2017, 2018, 2019, and 2020.  *Id.* ¶ 5.

16. Ms. Johannes attests that Cosmogony II, Inc. has failed to file annual reports for the due dates June 30, 2017, 2018, 2019, and 2020.  *Id.* ¶ 6.

17. Ms. Johannes attests that Cosmogony II, Inc. has failed to file true and exact balance sheets and income statements as of December 31, 2016, 2017, 2018, and 2019.  *Id.* ¶ 7.

18. Ms. Johannes attests that Cosmogony II, Inc. has not submitted the consent of the shareholders and directors for dissolution. *Id.* ¶ 9.  Accordingly, as a purely technical matter, it continues to exist as an entity.  However, the multiple long-term delinquencies noted by Ms. Johannes are consistent with those of a defunct entity that is no longer operating.

19. This status is further underscored by Plaintiffs' inability to find a proper agent to serve Cosmogony II, Inc.

20. On or about April 29, 2021, Plaintiff's counsel purported to serve process in several Superior Court cases against Cosmogony II, Inc. Plaintiff's counsel purported to do so by delivering papers to Warren B. Cole and John Wessel. *See* Ex. 3, Cole Decl. Cole, Ex. A, Correspondence from W.B. Cole to R.B. Pate, dated May 24, 2021.

21. On May 24, 2021, Mr. Cole wrote to Plaintiff's counsel, stating that "[n]either Mr. Wessel nor I are agents of Cosmogony II, Inc. in any capacity." *See id.*

22.     Plaintiff's counsel responded to Mr. Cole, stating that "we also serve the Lieutenant Governor's Office."  Tellingly, Plaintiff's counsel did not claim to have served, or to intend to serve, any officer, director, or employee of Cosmogony II, Inc., and none are known or believed to exist.  Nor did Plaintiff's counsel claim to have served any registered agent for Cosmogony II, Inc., and none exist.  Ex. 3, Cole Decl., Ex. B, Email Correspondence from R.B. Pate to W.B. Cole, dated May 24, 2021.

23.     While anyone can always serve the Lieutenant Governor, doing so under the circumstances here – where Cosmogony II, Inc. has been delinquent for years in its filings and payments – is a meaningless gesture.  Serving the Lieutenant Governor, and no one else, merely highlights that Cosmogony II, Inc. is nothing more than a *pro forma* shell entity.  If it were anything more than that, there would be a person or persons associated with Cosmogony II, Inc. who could be served.

24.     There are no such persons.  In a communication dated May 23, 2021, Ms. Johannes stated: "Per the articles of incorporation that were submitted on November 16, 1978, the resident agent is Joe Kramer of 7B Peter's Rest, Christiansted, VI 00820.  Per the certificate of revival that was submitted on October 5, 1987, the resident agent is Glenn Knorr of 55 Mary's fancy, Christiansted, VI 00820.  *There are no resident agent consents forms on file with the division.*"  Ex. 2, Rames Decl., Ex. B, Email Correspondence from Office of Liet. Gov. to K. Rames, dated May 23, 2021 (emphasis added).  Accordingly, there is no resident agent for Cosmogony II, Inc.

25.     In sum, there is no evidence that Cosmogony II, Inc. is anything but a *pro forma* shell entity.  There is no bona fide reason why the Plaintiff's counsel would pursue a *pro forma*

shell entity with no realistic chance of recovering on any judgment it might secure. Cosmogony II, Inc. has been fraudulently joined.

26. It is apparent that Plaintiff has no bona fide intent to prosecute its claims against Cosmogony II, Inc. Excluding the fraudulently joined defendant, there is diversity, and the case belongs in this Court.

>  ii. *Plaintiff's counsel modus operandi to defeat diversity is naming a local defendant with no intention of pursuing a claim against it.*

27. To provide further context, it is important to point out that Cosmogony II, Inc. is the *third* local defendant Plaintiff's counsel has fraudulently joined in this case, solely to defeat diversity.

28. The original Complaint filed by Plaintiff named General Engineering Corporation and U&W Industrial Supply, Inc., as defendants. *See* Ex. 4, Compl., *Brooks v. Glencore Ltd.*, No. SX-2021-CV-00348, (Super. Ct. V.I. Apr. 9, 2021. Both defendants were fraudulently joined.

29. On or about January 1, 1998, General Engineering Corporation was merged into U&W Industrial Supply, Inc., with U&W Industrial Supply, Inc. being the surviving corporation. Ex. 5, Cole Decl., ¶ 7, Ex. E.

30. Even though General Engineering Corporation had ceased to exist entirely, and even though that was a matter of public record, this did not deter Plaintiff's counsel from naming General Engineering Corporation as a defendant.

31. "An entity that does not exist cannot be sued." *In re Alumina Dust Claims*, 71 V.I. 443, 459 (Super. Ct. V.I. 2019) (internal citation omitted). Plaintiff had no good faith basis for naming as a defendant a corporation that ceased to exist in 1998, when it was merged into another corporation. *See Campbell v. Bluebeard's Castle Inc.*, No. 2006-67, 2008 U.S. Dist.

LEXIS 38750, at *8 (D.V.I. May 12, 2008) (interpreting V.I. Code tit. 13, § 253 "to prevent a merged corporation from being sued after the completion of the merger").

32.     Only after Plaintiff's counsel was called to task and confronted with public record evidence did they take any steps to drop General Engineering Corporation as a defendant. And while Cosmogony II, Inc. is the successor-in-interest to General Engineering Corporation, as shown above it is nothing more than a *pro forma* shell entity that no plaintiff would seriously pursue.

33.     The tactic of naming a *pro forma* diversity-destroying defendant in cases against Glencore has been deployed for many years. In 2011, twenty-two cases were initiated by Thomas Alkon, P.A. against Glencore and other defendants, in which General Engineering Corp. was included as a named defendant in each case. *See In re: Bauxite Containing Silica Halliday Litig. Series*, No. SX-2015-CV-00097 (V.I. Super. Ct.); *In re: Bauxite Containing Silica Charles Litig. Series*, No. SX-2015-CV-00098 (V.I. Super. Ct.). In each of those twenty-two cases, General Engineering Corp. was dismissed with prejudice after the time to remove had expired. *See* Decl. of Eliot Lauer ("Lauer Decl.") ¶ 6, *Glencore v. Davis, et al.*, No. 1:20-cv-00075 (D.V.I. Feb. 15, 2021), ECF No. 31-8. The inclusion of General Engineering Corp. as a defendant obstructed removal under 28 U.S.C. § 1441(b), as there was no diversity across the adversary line, which there would have been had General Engineering Corp. not been named as a party. Lauer Decl. ¶ 7.

34.     In a Declaration recently filed by Mr. Alkon in a related case, Mr. Alkon has admitted that he dismissed all of his cases against General Engineering Corporation for no consideration, and without taking discovery. Pl.'s Mot. For Remand, Ex. C, *Hobson v. Glencore*, No. 1:21-cv-0182-WAL-GWC, (D.V.I. May 28, 2021). It is therefore apparent that

there was never any bona fide basis for naming General Engineering Corporation in the various bauxite product liability lawsuits filed against Glencore, and that General Engineering Corporation was only named in order to destroy diversity.

35. As there was no bona fide claim asserted against General Engineering Corporation in those 22 bauxite cases, there is no bona fide claim against its successor-in-interest Cosmogony II, Inc. in this bauxite case. If General Engineering Corporation did nothing actionable in those 22 cases, there is no basis to believe (and no factual allegations in the FAC showing) that in this case there is a basis for liability against General Engineering Corporation that could result in a judgment against Cosmogony II, Inc.

36. Whether the named defendant is General Engineering Corporation or Cosmogony II, Inc., the tactic is the same: include the entity as diversity-destroying defendant, with no realistic expectation or desire to pursue it. In the various iterations of the Complaint, each of these entities has been fraudulently joined. The case should remain in this Court.

**B.    The other procedural requirements of 28 U.S.C. § 1446 are met.**

37. Glencore received a copy of the first amended pleading setting forth the claim for relief on May 4, 2021. This Notice of Removal is therefore timely. *See* 28 U.S.C. § 1446(b).

38. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal is simultaneously being given to Plaintiff, and a copy of the Notice of Removal will be promptly filed with the Clerk of the Superior Court of the Virgin Islands, Division of St. Croix.

39. The consent of Cosmogony II, Inc. is not required under the unanimity rule of 28 U.S.C. § 1446(b)(2)(A). *See Balazik v. Cty. of Dauphin*, 44 F.3d 209, 213 n.4 (3d Cir. 1995) ("The unanimity rule may be disregarded where . . . a defendant has been fraudulently joined.").

40. Glencore reserves all defenses, including but not limited to all defenses specified in Rule 12(b) of the Federal Rules of Civil Procedure.

**CONCLUSION**

Complete diversity exists among the proper, non-fraudulent parties to the above-captioned case, and the amount in controversy exceeds $75,000.  Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Glencore is properly removing the case from the Superior Court of the Virgin Islands to the District Court of the Virgin Islands, Division of St. Croix.

WHEREFORE, Glencore hereby removes this action from the Superior Court of the Virgin Islands, Division of St. Croix to this Court, and reserves all defenses.

Dated: June 3, 2021

/s/ Richard H. Hunter
Richard H. Hunter, Esq. (V.I. Bar No. 332)
HUNTER & COLE
1138 King Street, Ste. 3
Christiansted, St. Croix VI 00820
Phone: 340-773-3535
Fax: 340-778-8241
rhunter@huntercolevi.com

*Counsel for Glencore Ltd.*