## Merger of
## General Engineering Corporation
### into
## Reed, Wible & Brown, Inc.

_____

The undersigned corporations, in accordance with Sections 13-251 and 13-252 of the Virgin Islands Code hereby adopt the following Articles and Plan of Merger:

Article 1.   The parties hereto agree to effect this Merger.

Article 2.   The corporation to survive the Merger is Reed, Wible & Brown, Inc., a Virgin Islands corporation, which shall change its name to General Engineering Corporation.

Article 3.   The parties to these Articles and Plan of Merger are Reed, Wible & Brown, Inc. (hereafter "RWB") and General Engineering Corporation (hereafter "GEC"), both incorporated in the Virgin Islands.

Article 4.   No amendment to the charter of the surviving corporation is to be effected as part of the Merger.

Article 5.   The total number of shares of stock of all classes which the parties hereto have issued and outstanding is as follows:

| Corporation | Class of Stock | Number of Shares Issued and Outstanding |
|---|---|---|
| GEC | Common (without par value) | 1,000 |
| RWB | Common (without par value) | ~~10,300~~ 9,444 |

Office of the Lieutenant Governor

Jeffrió 1/9/85

Article 6. The manner and basis of exchanging and converting the outstanding stock of GEC is as follows: The shares of issued and outstanding Common Stock (without par value) of GEC held by John B. McCallum ("McCallum") shall be converted into *11,295* shares of the Common Stock (without par value) of RWB; the shares of issued and outstanding Common Stock (without par value) of GEC held by RWB shall be cancelled. Upon the surrender of certificates representing shares of GEC stock by McCallum, certificates for *11,295* shares of RWB stock shall be issued in exchange by RWB. Shares of RWB Common Stock (without par value) outstanding at the date of this Merger shall not be converted or exchanged but shall remain outstanding as shares of Common Stock (without par value) of the surviving corporation.

Article 7. The principal offices of RWB and GEC are located in Vitex Building, Christiansted, St. Croix, Virgin Islands 00820. Neither party to the Merger owns property the title to which could be affected by the recording of an instrument among the land records.

Article 8. These Articles and Plan of Merger were duly adopted and approved by the Boards of Directors and Stockholders of RWB and GEC, respectively, in each case at a Special Joint Meeting of all Directors and all Stockholders held June *26*, 1985, in the manner and by the vote required by the laws of the Virgin Islands.

Article 9. The Plan of Merger is as follows:

9.1 The Articles of Incorporation of RWB, as in effect on the effective date of the Merger, shall continue in full force

-2-

9.5   The shares of issued and outstanding Common Stock (without par value) of GEC held by McCallum shall be converted into ~~14,250~~ *11,228* shares of Common Stock (without par value) of RWB and the shares of issued and outstanding Common Stock (without par value) of GEC held by RWB shall be cancelled.  Upon the surrender of certificates representing shares of GEC stock by McCallum, certificates for ~~14,750~~ *11,228* shares of RWB stock shall be issued in exchange by RWB.  Shares of RWB Common Stock (without par value) outstanding at the date of this Merger shall not be converted or exchanged but shall remain outstanding as shares of Common Stock (without par value) of the surviving corporation.

9.6   On the effective date of the Merger, the separate existence of GEC shall cease (except to the extent continued by statute), and all of its property, rights, privileges, and franchises, of whatsoever nature and description, shall be transferred to, vest in, and devolve upon the surviving corporation, without further act or deed.  Confirmatory deeds, assignments or other like instruments, when deemed desirable by RWB to evidence such transfer, vesting or devolution of any property, right, privilege or franchise, shall at any time, or from time to time, be made and delivered in the name of GEC by the last acting officers thereof, or by the corresponding officers of the surviving corporation.

9.7   The effective date of the Merger shall be the date when these Articles and Plan of Merger are accepted for record by the Office of the Lieutenant Governor of Virgin Islands.

-4-

IN WITNESS WHEREOF, the parties hereto have executed this Agreement on the day and year first above written.

REED, WIBLE & BROWN, INC.

By: _____
        Peter L. Reed, President

GENERAL ENGINEERING CORPORATION

By: _____
        John B. McCollum

Office of the Lieutenant Governor

7/9/85

# Exhibit D

# ARTICLES OF INCORPORATION

## OF

## U & W INDUSTRIAL SUPPLY, INC.


We, the undersigned, natural persons of lawful age, acting as incorporators of a corporation under Title 13, Virgin Islands Code, adopt the following Articles of Incorporation for such corporation:

FIRST:  The name of the corporation is U & W INDUSTRIAL SUPPLY, INC.

SECOND:  The period of its duration is perpetual.

THIRD:  (1) General Purposes.  Distribution and sale of industrial supplies and products; and importation and exportation of goods.

(2) Ancillary Purposes.  To do everything necessary, proper, advisable, or convenient for the accomplishment of the purposes hereinabove set forth and to do all other things incidental thereto or connected therewith, which are not forbidden by statute or by these Articles.

(3) Other Purposes.  To engage in any other business, activity or enterprise not prohibited by law or by these Articles.

FOURTH:  The address of the initial registered office of the Corporation is 7B Peter's Rest, Christiansted, St. Croix, and the resident agent is Joe Kramer, 7B Peter's Rest, Christiansted, St. Croix, U. S. Virgin Islands

FIFTH:  The aggregate number of shares which the Corporation shall have authority to issue is 1,000 which shall be common stock of one class with no par value.

SIXTH:  The minimum amount of capital with which the

corporation shall commence business shall be not less than ONE

THOUSAND ($1,00.00) DOLLARS.

SEVENTH: The number of directors

Board of Directors of the Corporation is

JAMES & RESNICK
ATTORNEYS AT LAW
1A KING STREET
CHRISTED. ST. CROIX
V. VIRGIN ISLANDS
773-0402

EIGHTH:  The name and address of each incorporator is:

JEFFREY L. RESNICK                1A King Street, C'sted.,
                                  St. Croix

LORENA CHIVERTON                  Bldg. 118, #3-E, Watergut
                                  C'sted., St. Croix

NONA HEYN                         22 Mahogany, Estate
                                  Welcome, C'sted., St.
                                  Croix.

NINTH:  (1)  The Corporation shall exercise all rights
and power from time to time granted to a corporation by law;
all power necessary to carry out the purposes set forth in
Article THIRD, and to act as principal, agent, joint venturer,
partner or in any other capacity which may be authorized or
approved by the Board of Directors of this Corporation.

(2)  Subject to any specific written limita-
tions or restrictions imposed by statute or by these Articles,
the Board of Directors of the Corporation is hereby authorized
to direct, by resolution duly adopted, the purposes set forth
herein, and to exercise the powers granted for the performance
of such purposes without previous authorization or subsequent
approval by the shareholders of the Corporation; and all parties
dealing with the Corporation shall have the right to rely upon
any action taken by the Corporation pursuant to such authoriza-
tion by the Board of Directors.

IN WITNESS WHEREOF, the incorporators have signed
these Articles at Christiansted, St. Croix this 29th day of
December, 1978.

WITNESSES:

JEFFREY L. RESNICK

AMES & RESNICK
ATTORNEYS AT LAW
KING STREET
CHRISTIANSTED, ST. CROIX
U. VIRGIN ISLANDS
'S-0402

## ACKNOWLEDGMENT

TERRITORY OF THE VIRGIN ISLANDS )
DISTRICT OF ST. CROIX          ):    ss:

On this *3rd* day of *November* , 1978, before me personally came and appeared JEFFREY RESNICK, LORENA CHIVERTON and NONA HEYN, each to me known and each known to be the individuals who signed the foregoing Articles of Incorporation, and they acknowledged that they executed said instrument freely and voluntarily for the uses and purposes therein contained.

WITNESS my hand and official seal.

Notary Public

## CONSENT OF RESIDENT AGENT

JOE KRAMER of 7B Peter's Rest, Christiansted, St. Croix, U. S. Virgin Islands, hereby ackhowledges that he is the Resident Agent of U & W INDUSTRIAL SUPPLY, INC., and consents to serve as such Resident Agent.

JOE KRAMER

SUBSCRIBED AND SWORN to before me

this 3rd day of November, 1978.

Notary Public

JAMES & RESNICK
ATTORNEYS AT LAW
1A KING STREET
CHRISTIANSTED, ST. CROIX
U. S. VIRGIN ISLANDS
773-0492

# Exhibit E

# AGREEMENT AND PLAN OF MERGER

## U & W INDSUTRIAL SUPPLY, INC. – GENERAL ENGINEERING CORPORATION

Agreement made as of this **1**<sup>st</sup> day of **January, 1998**, by and between U & W Industrial Supply, Inc. ("U&W") and General Engineering Corporation ("GEC") and their respective directors and shareholders.

Whereas U&W and GEC are corporations organized and existing under the laws of the United States Virgin Islands; and

Whereas all of the issued and outstanding capital stock of both U&W and GEC is owned, collectively, by John B. McCallum and Chester M. Ross; and

Whereas the respective directors and shareholders of U&W and GEC desire to merge U&W and GEC into a single Virgin Islands corporation, and have determined that it is in the best interest of the corporations and the shareholders thereof to consummate such merger;

Now, therefore, in consideration of the premises, it is hereby agreed as follows:

1.      As of January 1, 1998, U&W and GEC shall merge pursuant to the provisions of 13 V.I.C. § 251.

2.      GEC shall merge into U&W, and U&W shall be the surviving corporation. The name of the surviving corporation shall remain U&W Industrial Supply Corp.

3.     The shareholders of GEC shall surrender their share certificates to U&W and such share certificates shall be cancelled of record.   In consideration of the surrendered stock of GEC, such shareholder shall receive one share of U&W stock for each share so surrendered.

4.     All assets and liabilities of GEC shall become the assets and liabilities of U&W.

5.     To the extent necessary, any documents of transfer of assets, if required, shall be executed and delivered from time to time by the officers, directors and shareholders of GEC in favor of U&W.

6.     As of the effective date hereof, being January 1, 1998, the separate existence of GEC shall cease.

7.     The surviving corporation, U&W, shall, upon the effective date, and thereafter, possess all the rights, privileges, powers and franchises, both public and private and shall be subject to all the restrictions, disabilities and duties of each constituent corporation, U&W and GEC.

8.    All corporate acts, plans, policies, contracts, approvals and authorizations of GEC and its stockholders, board of directors, committees, officers and agents, which were valid and effective as of the date this document is filed with the Office of the Lieutenant Governor, Government of the Virgin Islands shall be deemed to be, for all purposes, the acts, plans, policies, contracts, approvals and authorizations of the surviving corporation U&W.

Wherefore, the directors and shareholders of U&W and GEC have executed this Agreement as of the date first written above.

U & W INDUSTRIAL SUPPLY CORP.

John B. McCallum
Director and Shareholder

Chester M. Ross
Director and Shareholder

Beth Meyers
Director

GENERAL ENGINEERING CORPORATION

John B. McCallum
Director and Shareholder

Chester M. Ross
Director and Shareholder

Beth Meyers
Director

## ACKNOWLEDGMENT

TERRITORY OF THE VIRGIN ISLANDS   ) SS:
DISTRICT OF ST. CROIX   )

On this ___ day of ___ Jan. ___, 1998, before me the undersigned officer, personally appeared John B. McCallum, as Shareholder and Director of U&W Industrial Supply Corp., known to me, or satisfactorily proven to be the person whose name is subscribed to the foregoing instrument, and acknowledged that he executed the same for the purposes contained herein.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

Karen Lustig
Notary Public

## ACKNOWLEDGMENT

TERRITORY OF THE VIRGIN ISLANDS    ) SS:
DISTRICT OF ST. CROIX           )

On this _1_ day of __Jan__, 1998, before me the undersigned officer, personally appeared Chester M. Ross, as Shareholder and Director of U&W Industrial Supply Corp., known to me, or satisfactorily proven to be the person whose name is subscribed to the foregoing instrument, and acknowledged that he executed the same for the purposes contained herein.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

_____Karen Lustic_____
Notary Public


## ACKNOWLEDGMENT

TERRITORY OF THE VIRGIN ISLANDS    ) SS:
DISTRICT OF ST. CROIX           )

On this _1_ day of __Jan__, 1998, before me the undersigned officer, personally appeared Beth Meyers as Director of U&W Industrial Supply Corp., known to me, or satisfactorily proven to be the person whose name is subscribed to the foregoing instrument, and acknowledged that he executed the same for the purposes contained herein.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

_____Karen Lustic_____
Notary Public

## ACKNOWLEDGMENT

TERRITORY OF THE VIRGIN ISLANDS    ) SS:
DISTRICT OF ST. CROIX             )

      On this __1__ day of __Jan__, 1998, before me the undersigned officer, personally appeared John B. McCallum, as Shareholder and Director of General Engineering Corporation, known to me, or satisfactorily proven to be the person whose name is subscribed to the foregoing instrument, and acknowledged that he executed the same for the purposes contained herein.

      IN WITNESS WHEREOF, I hereunto set my hand and official seal.

_Karen Hustey_
Notary Public


## ACKNOWLEDGMENT

TERRITORY OF THE VIRGIN ISLANDS    ) SS:
DISTRICT OF ST. CROIX             )

      On this __1__ day of __Jan__, 1998, before me the undersigned officer, personally appeared Chester M. Ross, as Shareholder and Director of General Engineering Corporation, known to me, or satisfactorily proven to be the person whose name is subscribed to the foregoing instrument, and acknowledged that he executed the same for the purposes contained herein.

      IN WITNESS WHEREOF, I hereunto set my hand and official seal.

_Karen Hustey_
Notary Public

## ACKNOWLEDGMENT

TERRITORY OF THE VIRGIN ISLANDS )  SS:
DISTRICT OF ST. CROIX )

On this __l__ day of ___Jan___, 1998, before me the undersigned officer, personally appeared Beth Meyers, as Shareholder and General Engineering Corporation, known to me, or satisfactorily proven to be the person whose name is subscribed to the foregoing instrument, and acknowledged that he executed the same for the purposes contained herein.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

_Karen Lustice_
Notary Public

# Exhibit F

# CERTIFICATE OF AMENDMENT OF

# ARTICLES OF INCORPORATION

# U&W INDUSTRIAL SUPPLY, INC.



**It is hereby certified** that the Articles of Incorporation of U&W Industrial Supply, Inc., a U.S. Virgin Islands corporation, have been duly amended in accordance with the provisions of the Bylaws of the Corporation and in accordance with the provisions of Virgin Islands statute, including, without limitation, the provisions of 13 V.I.C. §222, by passage of the following resolution effective as of December 23, 1999:

**Resolved:** The Articles of Incorporation shall be, and are hereby, amended to read, as appropriate, as follows:

"The name of the Corporation is **Cosmogony II, Inc.**"

_____
John R. Wessel
President
Cosmogony II, Inc.
f/k/a U & W Industrial Supply, Inc.

ATTEST:

_____
William Gorham
Assistant Secretary

Certificate of Amendment of
Articles of Incorporation
U&W Industrial Supply, Inc.

# ACKNOWLEDGMENT

TERRITORY OF THE VIRGIN ISLANDS    )
DISTRICT OF ST. CROIX           ) SS:

On the _28th_ day of _December_, 1999, before me personally came and appeared JOHN R. WESSEL, who acknowledged himself to be the President of CORONATION I, INC., a corporation, and that he, as such officer being authorized to do so, executed the foregoing instrument for the purposes contained herein.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

_____
Notary Public

Warren B. Cole
LNP-34-97
My Commission Expires 07/27/2001

- 2 -

# Exhibit G

🏠 HOME    ONLINE SERVICES ⌄

# U & W INDUSTRIAL SUPPLY, INC. (558966), Domestic Profit Corporation

All filings shall be submitted using the online application. Select the Maintain dropdown menu to review the available filing services.

If you want to maintain this entity you need to be [logged in](logged in) and have authority over the company.

Request Entity Information ▾

| General Details | Documents | History Details |
| --- | --- | --- |

| | |
| --- | --- |
| **Entity Name** | U & W INDUSTRIAL SUPPLY, INC. |
| **Entity Identifier** | 558966 |
| **Entity Status** | Registered |
| **Entity Type** | Domestic Profit Corporation |
| **Business Entity Sub-Type** | General For Profit Corporation |
| **Registration Date** | 11/06/1978 |

## State or Country of Jurisdiction

| | |
| --- | --- |
| **Country** | United States |
| **State** | United States Virgin Islands |

## Resident Agent

**Resident Agent in USVI**

## Business Mailing Addresses

## Business Details

**Nature of Business/Purpose**

Cancel

# Exhibit H

# ARTICLES OF ORGANIZATION

## GEC, LLC

### A Virgin Islands Limited Liability Company

1.   **Name.** The name of the Company is **GEC, LLC.**

2.   **Address.** The physical and mailing addresses of the Designated Office of the Company are as follows:

    A.    Physical address:

        The Vitex Building
        Plot 14F Estate Bethlehem
        East Airport Road
        St. Croix, U.S. Virgin Islands

    B.    Mailing Address:

        P.O. Box 1656
        Kingshill, St. Croix
        U.S. Virgin Islands  00851

3.   **Registered Agent.** The registered agent of the Company shall be **John R. Wessel**, the Vitex Building, Plot 14F Estate Bethlehem, East Airport Road, St. Croix, U.S. Virgin Islands.

4.   **Organizers.** The organizers of the Company are:

| | |
|---|---|
| John R. Wessel | The Vitex Building<br>Plot 14F Estate Bethelem<br>East Airport Road<br>St. Croix, U.S. Virgin Islands |
| Maritime Electronics, Inc. | The Vitex Building<br>Plot 14F Estate Bethlehem<br>East Airport Road<br>St. Croix, U.S. Virgin Islands |

5.   **Minimum Capital.** The minimum amount of capital with which the company will commence business shall be the statutory minimum, $1,000.00.

6.    **Duration.**  The company shall have a duration of fifty (50) years.  No Member may withdraw during the term of duration without the unanimous consent of all other Members.

7.    **Management.**  The management of the Company shall be vested in its Members in proportion to their contributions to the capital of the Company, as adjusted from time to time to properly reflect any additional contributions or withdrawals by the Members.

8.    **No Liability.**  Neither the Members of the Company nor the managers, officers, employees or agents of the Company shall be liable under a Judgment, Decree or Order of a Court, or in any other manner, for a debt, obligation or liability of the Company.

9.    **Purpose and Powers.**  The purpose of the Company shall be to transact any lawful business agreed to by the Members.  The Company shall have and exercise all powers necessary or convenient to effect its purposes.

10.    **Acquisition, Mortgage or Disposition of Property.**  Instruments and documents providing for the acquisition, mortgage or disposition of property of the Company shall be valid and binding upon the Company if they are executed by a Member of the Company.

11.    **Transferability of Members' Interest.**  An interest of a Member in the Company may be transferred or assigned. However, if such transferee or assignee is not admitted as a Member by a unanimous vote of all other Members of the Company prior to the transfer or assignment, the transferee of the interest of the Member will be considered an assignee only, and will have no right to participate in the management of the business and affairs of the Company or to become a Member.  In such instance, the transferee will be entitled to receive only the share of profits or other compensation by way of income and the return of contributions to which that Member otherwise would be entitled.

12.    **Additional Members.**  The Company may admit additional Members by majority vote of the entire membership.

13.    **Dissolution.** The Company shall be dissolved upon the occurrence of any of the following events: (1) By the unanimous written consent of all Members; or (2) Upon the death, retirement, resignation, expulsion, bankruptcy or dissolution of a Member or

upon the occurrence of any other event which terminates the continued membership of a Member in the Company, unless the business of the Company is continued by the consent of all remaining Members.

14. **Priority of Distribution Upon Dissolution.** In settling accounts after dissolution, the liabilities of the Company shall be entitled to payment in the following order of priority:

(1)     Those liabilities to creditors, in the order of priority as provided by law, except those liabilities to Members of the Company on account of their contributions;

(2)     Those liabilities to Members of the Company in respect of their shares of the profits and other compensation by way of income on their contributions; and

(3)     Those liabilities to Members of the Company in respect of their Capital Accounts.

Subject to any statement in the Bylaws, Members shall share in the Company assets in respect to their claims for capital and in respect to their claims for profits or for compensation by way of income on their contributions, respectively, in proportion to the respective amounts of the claims.

15. **Meetings of Members.** Meetings of Members may be held in such place, within the Virgin Islands, as may be stated in or fixed in accordance with the Bylaws. If no other place is stated or so fixed, all meetings shall be held at the registered office of the Company.

An annual meeting of the Members shall be held at such time as may be stated or fixed in according with the Bylaws. Failure to hold the annual meeting at the designated time shall not work a forfeiture or dissolution of the Company.

Special meetings of the Members may be called as may be stated in the Bylaws.

16. **Action by Members without a Meeting.** Unless the Bylaws provide otherwise, action required or permitted by these Articles to be taken at a meeting of the Members may be taken without a meeting if the action is evidenced by one or more written consents describing the action taken and signed by each Member entitled to vote.

Action taken under this section is effective when all members entitled to vote have signed the consent, unless the consent specifies a different effective date. Written consent of the Members entitled to vote has the same force and effect as a unanimous vote of such members and may be stated as such in any document.

17. **Distributions of Capital.** A Member shall not receive out of company property any part of his or her contribution to capital until: (1) All liabilities of the Company, except liabilities to Members on account of their contributions to capital, have been paid or sufficient property of the Company remains to pay them; and (2) The consent of all Members has been given, unless the return of the contribution to capital may be rightfully demanded as provided in this Article.

A Member may rightfully demand the return of his or her contribution upon the dissolution of the Company.

18. **Capital Accounts.** Capital Accounts will be maintained for each Member. "Capital Account" shall mean the Capital Account to be maintained for each of the Members, which shall be accounted for in accordance with Section 704 of the Internal Revenue Code of 1986, as amended and the corresponding Treasury Regulations.

19. **Allocation of Income and Losses.** Taxable income, income exempt from federal income tax, losses and expenditures not deductible in computing federal income, for each fiscal year of the Company shall be allocated for all purposes to the Members in accordance with their relative Capital Accounts.

**WHEREFORE**, the Organizers have executed these Articles this _28th_ day of _Dec._, 1999.

DATE: 12/28/99

_____
JOHN R. WESSEL

MARITIME ELECTRONICS CORP.

DATE: 12/28/99

By:_____
JOHN R. WESSEL, President

- 4 -

ARTICLES OF ORGANIZATION
GEC, LLC
A Virgin Islands Limited Liability Company

## ACKNOWLEDGMENT

TERRITORY OF THE VIRGIN ISLANDS)
DISTRICT OF ST. CROIX                    ) ss:

On this the ___28th___ day of ___December___, ___1999___, before me, the undersigned Notary Public, personally came and appeared JOHN R. WESSEL, known to me or satisfactorily proven to be the person whose name is subscribed to the within instrument; and he acknowledged that he has executed the same for the uses and purposes therein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

Warren B. Cole
LNP-34-97
My Commission Expires 07/27/2001

_____
Notary Public

## ACKNOWLEDGMENT

TERRITORY OF THE VIRGIN ISLANDS)
DISTRICT OF ST. CROIX                    ) SS:

On the ___28th___ day of ___December___, ___1999___, before me personally came and appeared JOHN R. WESSEL, who acknowledged himself to be President of MARITIME ELECTRONIC CORP., a corporation, and that he, as such officer being authorized to do so, executed the foregoing instrument for the purposes contained herein.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

Warren B. Cole
LNP-34-97
My Commission Expires 07/27/2001

_____
Notary Public

- 5 -

# GOVERNMENT OF
# THE VIRGIN ISLANDS OF THE UNITED STATES
-O-

CHARLOTTE AMALIE, ST. THOMAS, VI 00802

**LLC-0114-2000**

## OFFICE OF THE LIEUTENANT GOVERNOR

## CERTIFICATE OF EXISTENCE

To Whom These Presents Shall Come:

I, GERARD LUZ JAMES, II, Lieutenant Governor of the Virgin Islands, do hereby certify:

That GEC, LLC filed Articles of Organization with the Office of the Lieutenant Governor on December 29, 1999, and the Company is duly organized under the laws of the state of United States Virgin Islands;

*That the duration of this Limited Liability Company is specified term and the company's existence shall be terminated on December 29, 2049;*

That the company has paid all applicable fees to date; and

That Articles of Termination have not been filed by the company.





In Witness Whereof, I have hereunto set my hand and affix the seal of the Government of the United States Virgin Islands, at Charlotte Amalie, this 2nd day of October, A.D., 2000.

GERARD LUZ JAMES II
Lieutenant Governor of the Virgin Islands