DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| **EZEKIEL BROOKS,** )<br>)<br>      Plaintiff, )<br>)<br>      v. )<br>)<br>**GLENCORE LTD. and COSMOGONY II, INC.,** )<br>)<br>      Defendants. )<br>_____ ) | **Civil Action No. 2021-0251** |

**Attorneys:**

**J. Russell B. Pate, Esq.,**
St. Thomas, U.S.V.I.
**Korey A. Nelson, Esq.,**
**Harry Richard Yelton, Esq.,**
New Orleans, LA
**Warren T. Burns, Esq.,**
Dallas, TX
    *For Plaintiff*

**Richard H. Hunter, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant Glencore Ltd.*

**MEMORANDUM OPINION**

**Lewis, District Judge**

    THIS MATTER comes before the Court on the "Motion to Remand This Action to the Superior Court of the U.S. Virgin Islands on the Basis that Cosmogony II, Inc. was Not Fraudulently Joined" filed by Plaintiff Ezekiel Brooks ("Plaintiff") (Dkt. No. 3). Defendant Glencore Ltd. ("Glencore") filed an Opposition to the Motion to Remand (Dkt. No. 9) and Plaintiff filed a Reply in Support of his Motion (Dkt. No. 10). For the reasons set forth below, Plaintiff's Motion to Remand will be granted.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

In February 2021, Plaintiff filed this action in the Superior Court of the Virgin Islands, St. Croix Division, against Defendants Glencore, a Swiss corporation with its principal place of business in New York, and General Engineering Corporation ("GE Corporation") and its alleged successor-in-interest U&W Industrial Supply, Inc. (collectively, "GEC Defendants"), both identified as Virgin Islands corporations. (Dkt. Nos. 1 at 1; 1-1). Shortly thereafter, Plaintiff filed a First Amended Complaint ("FAC") in Superior Court replacing the GEC Defendants with Cosmogony II, Inc. ("Cosmogony"), U&W Industrial Supply, Inc's alleged successor-in-interest.[1] Plaintiff alleges that Cosmogony is incorporated and has its principal place of business in the Virgin Islands. (Dkt. No. 1-1 at 2).

Plaintiff, a former employee at the Alumina refinery on St. Croix operated by Virgin Islands Alumina Company ("VIALCO"), brings local law tort claims against Defendants for injuries he allegedly sustained during his employment at the refinery. (Dkt. No. 1-1 at 3-4). Plaintiff claims he was exposed to various bauxite dusts, caustic soda, asbestos-containing materials, and alumina dust while working at VIALCO's refinery and that this exposure has caused him to recently develop mixed-dust pneumoconiosis. Plaintiff alleges that VIALCO is a wholly owned subsidiary of Glencore and that Glencore provided bauxite ore to VIALCO. *Id.* Plaintiff also alleges that Cosmogony's predecessor in interest, GE Corporation, provided construction and maintenance services at the VIALCO refinery. Plaintiff further alleges that Defendants are responsible for his lung disease and injury due to their actions relating to the refinery's operations. *Id.* at 3-6, 9-10. The claims in this case are similar to claims asserted in hundreds of other cases

---

[1] According to exhibits provided by Glencore, General Engineering Corporation merged in 1998 and became U & W Industrial Supply, Inc. In 1999, U&W Industrial Supply filed amended articles of incorporation changing its name to Cosmogony II, Inc. (Dkt. No. 1-2 at 4-5).

2

filed in the St. Croix Division of the Superior Court since at least 2013 against companies involved in operations at the refinery, including Glencore, Lockheed Corporation, Hess Corporation and other defendants. (Dkt. No. 9 at 3-4).[2]

In June 2021, Glencore removed this case to this Court—despite the presence of the local Defendant, Cosmogony—asserting that Cosmogony was fraudulently joined in the action. (Dkt. No. 1 at 1-3). Glencore contends that Cosmogony is a defunct corporation that has not renewed its registration as a Virgin Islands corporation for several years. Glencore also argues that Cosmogony is a "sham" Defendant with no assets from which to provide recovery in this case. *Id*. at 3-6.

Plaintiff has filed a Motion to Remand the action to the Superior Court. (Dkt. No. 3). In his Motion, Plaintiff asserts that Cosmogony was properly joined in the case and thus, this Court lacks diversity jurisdiction in this matter.

## II.     APPLICABLE LEGAL PRINCIPLES

### A.     Diversity Jurisdiction

It is axiomatic that federal courts are courts of limited subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am*., 511 U.S. 375, 377 (1994). Federal courts possess subject matter jurisdiction only over cases that present a federal question, 28 U.S.C. § 1331, or when diversity of citizenship exists and the value of the claim meets or exceeds $75,000, 28 U.S.C. § 1332(a). The burden of establishing a federal court's subject matter jurisdiction rests on the party invoking that jurisdiction. *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 395 (3d Cir. 2016); *The*

---

[2] *See, e.g., Beharry v. Hess Corporation*, No. 1:2020-cv-0078, 2021 WL 2143817, at *1 (D.V.I. May 25, 2021); *In re: Alumina Dust Claims*, S. Ct. No. 2021-0014, 2021 WL 1941662 (V.I. May 13, 2021); *Daniel v. Borinquen Insulation Co. Inc.*, No. SX-98-cv-192, 2017 WL 3381067 (V.I. Super. July 28, 2017); *In re: Refinery Dust Claims*, Master Case No. SX-06-cv-78, 2016 WL 2865735 (V.I. Super. May 3, 2016).

*Fred, LLC v. Capstone Turbine Corp.*, Case No. 1:2020-cv-0029, 2021 WL 1082513, at *1 (D.V.I. Mar. 17, 2021).

For diversity jurisdiction to exist under 28 U.S.C. § 1332(a)(1), there must be complete diversity of citizenship between the parties, in that "no plaintiff can be a citizen of the same state as any of the defendants." *Walthour v. City of Philadelphia*, 852 F. App'x 637, 639 (3d Cir. 2021). The Court has an independent and ongoing obligation to ensure that it has subject matter jurisdiction over an action, and to raise the issue *sua sponte* even when the parties fail to raise it. *Seneca Res. Corp. v. Township of Highland*, 863 F.3d 245, 252 (3d Cir. 2017).

**B.    Removal of Cases from Superior Court**

A defendant in a state (or territorial) civil action may remove a case to federal court if the federal court would have had jurisdiction to hear the matter in the first instance. 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). If the propriety of removal is challenged, the remand procedures are controlled, in part, by 28 U.S.C. § 1447. That statute provides, in relevant part:

> (c) A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). *If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.* . . .

28 U.S.C. § 1447 (emphasis added).

Removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand. *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985); *The Fred, LLC,* 2021 WL 1082513, at *1. The strict construction of removal statutes honors Congress' power to determine the contours of the federal court's limited subject matter jurisdiction. *See Bowles v. Russell*, 551 U.S. 205, 212-13 (2007) ("Because Congress decides whether federal courts can hear cases at all, it can also determine when, and under what conditions,

4

federal courts can hear them."); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941) (removal statutes evidence Congress' purpose to restrict the jurisdiction of the federal courts on removal); *see also Carlsberg Resources Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1257 n.8 (3d Cir. 1977) (Congress has jealously restricted diversity jurisdiction, "relieving the federal courts of the overwhelming burden of 'business that intrinsically belongs to the state courts' in order to keep them free for their distinctive federal business."). The defendant bears the burden of establishing that removal is proper. *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990).

### III.   DISCUSSION

When evaluating the propriety of the removal of a civil action from territorial to federal court, the starting point is the complaint at the time removal occurs. *Hogan v. Raymond Corp.*, 536 F. App'x 207, 211 (3d Cir. 2013). The plaintiff, as the architect of his case is, with certain exceptions, entitled to choose between filing his action in federal or state court. *Markham v. Ethicon, Inc.*, 434 F. Supp. 3d 261, 264 (E.D. Pa. 2020). The plaintiff's choice also generally includes the decision as to whom to sue, subject to the rules of joinder of necessary parties. *Boyer*, 913 F.2d at 110. While a plaintiff's choice of defendants may impact on diversity jurisdiction, courts do not interfere unless the plaintiff has impermissibly manufactured diversity jurisdiction or has used an unacceptable device to defeat diversity. *Id.*

In this case, both the original and Amended Complaint—which identified Plaintiff as a citizen of the Virgin Islands—named a Defendant which was identified as a Virgin Islands corporation with its principal place of business in the Virgin Islands. (Dkt. Nos. 1 at 1; 1-1). Glencore removed Plaintiff's action to this Court despite the presence of the nondiverse Defendant, Cosmogony. (Dkt. No. 1-1 at 1-2). Glencore's Notice of Removal asserts that Cosmogony is no

5

longer an operating business; that Cosmogony is a *pro forma* shell corporation devoid of any pursuable assets; and that Cosmogony—and the original GEC Defendants—were fraudulently joined in order to destroy diversity jurisdiction. (Dkt. No. 9 at 1-2). Although Glencore concedes that Cosmogony is the most recent successor of GE Corporation (Dkt. Nos. 24 at 3-4; 24-2), it contends that Cosmogony is no longer operating in the Virgin Islands and has not paid franchise taxes or filed annual reports with the Territory since June 30, 2017 and December 31, 2016, respectively. *Id.* at 2-3. Glencore also contends that the joinder of Cosmogony is a litigation tactic used by Plaintiff's counsel only to destroy diversity in this case and others. *Id.* at 3-4.

When considering the removal of actions that include nondiverse defendants, the propriety of including the nondiverse defendant is evaluated under the fraudulent joinder doctrine. *See In re Briscoe*, 448 F.3d 201, 216 (3d Cir. 2006). Joinder of a nondiverse defendant is considered fraudulent where there is (1) "no reasonable basis in fact or colorable ground" supporting any claim against the nondiverse defendant, or (2) "no real intention in good faith to prosecute the action" against the nondiverse defendant. *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992); *In re Briscoe*, 448 F.3d at 216 (citing *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d at 29). The moving party carries a "heavy burden of persuasion" to establish fraudulent joinder. *Abels*, 770 F.2d at 32; *Beharry v. Hess Corporation*, No. 1:2020-cv-0078, 2021 WL 2143817, at *4 (D.V.I. May 25, 2021).

The first basis for finding fraudulent joinder—an objective test—requires a showing that Plaintiff has no colorable claim against the nondiverse defendant. When reviewing this factor, the Court "must resolve all contested issues of substantive fact in favor of the plaintiff and must resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff." *Boyer*, 913 F.2d at 111. For a defendant to establish that there is no colorable claim against the

6

nondiverse party, the defendant is required to show that the claim is "wholly insubstantial and frivolous." *Batoff*, 97 F.2d at 851-52. The plaintiff's complaint against the nondiverse defendant does not need to be sufficient to withstand a Rule 12(b)(6) motion. Rather, the plaintiff's claim is sufficient if there is "*even a possibility* that a state court would find that the complaint states a cause of action against any one of the resident defendants." *Boyer*, 913 F.2d at 111 (emphasis added). If such a possibility exists, the joinder must be found to be proper and the case remanded to state court. *Id.* Further, a plaintiff need only show that he has *one* colorable claim against a nondiverse defendant, even if other claims against that defendant are barred. *Victorin v. Jones Lang LaSalle*, Civ. No. 20-18123, 2021 WL 651200, at *2 (D.N.J. Feb. 18, 2021). A finding of fraudulent joinder "is usually reserved for situations where recovery from the nondiverse defendant is a clear legal impossibility." *Benjamin v. JBS S.A.*, 516 F. Supp. 3d 463, 474 (E.D. Pa. 2021) (inconsistent documents as to whether Plaintiff's employer was nondiverse defendant or out-of-state defendant insufficient to establish fraudulent joinder).

In the instant case, Glencore does not appear to seriously challenge the viability of Plaintiff's claims against Cosmogony, but focuses instead on the second basis for finding fraudulent joinder. In this regard, Glencore contends that Plaintiff has no good faith intent to pursue its claims against Cosmogony. (Dkt. Nos. 1 at 3-6; 9 at 2).[3] Glencore argues that "[t]here is no evidence that [Cosmogony] is anything but a hollow, *pro forma* shell" which has no assets against

---

[3] In the context of its "no good faith intent" argument, Glencore argues that "[t]here is no reason to conclude that Plaintiff's claim in this case is any more viable than claims against [GE Corporation] that were dismissed in 2015." (Dkt. No. 9 at 11). To the extent that Glencore is suggesting that it has satisfied the first basis for a finding of fraudulent joinder, its argument fails. That another lawyer—for unknown reasons—may have dismissed similar claims against GE Corporation several years earlier, purportedly for no consideration, *id.*, falls woefully short of establishing that Plaintiff has no colorable claim against Cosmogony. The current attorneys' decision to pursue claims against GE Corporation and its successor may simply reflect a different assessment of the case.

which Plaintiff could collect, and which is not in good standing according to the Office of the Lieutenant Governor. (Dkt. No. 9 at 6). Accordingly, Glencore argues that Plaintiff lacks a good faith intent to prosecute the claims against Cosmogony. *Id.* at 6-11.

In view of the strict construction of removal statutes and the heavy burden that the moving party carries in establishing fraudulent joinder, the Court finds that Glencore has failed to show that Plaintiff has "no real intention in good faith to prosecute the action" against Cosmogony. The record reflects that Plaintiff has served the Lt. Governor's Office with a summons and the First Amended Complaint. (Dkt. No. 13).[4] In addition, Plaintiff has twice filed a Motion for Entry of Default against Cosmogony based upon its failure to respond to the Complaint. (Dkt. Nos. 15; 18). In his second Motion for Entry of Default, Plaintiff represented that he has served a summons and Complaint on the person identified as Cosmogony's president and registered agent in its last Government filings. Plaintiff also served a courtesy copy on Cosmogony's prior attorney of record. (Dkt. No. 18 at 2). Thus, Plaintiff's actions suggest an intent to pursue Cosmogony by his attempts to make service on that business through various avenues. *See, e.g.*, *Gilbert v. Alarm One Inc.*, 426 F. Supp. 3d 1220, 1227 (N.D. Ala. 2019) (plaintiff's conduct in providing Clerk with an address for "nonviable" defendant and requesting service of process by certified mail was sufficient to show a *bona fide* intent to pursue claims).

Glencore argues that because Cosmogony (1) has not filed the necessary documentation with the Virgin Islands Government to register as a Virgin Islands corporation in recent years; (2) has no indicia of operations; and (3) has no known assets on which a judgment could be executed, Plaintiff has no good faith intention to pursue his claims against Cosmogony. Glencore undermines

---

[4] The Virgin Islands Code permits service on the Lieutenant Governor when a corporation cannot be served with process, after due diligence, "which service shall be effectual for all purposes of law." 13 V.I.C. § 348.

its own arguments by citing to *Jocz v. Eichleay Engineers, Inc.*, Civ. No. 08-4063, 2008 WL 5157503 (E.D. Pa. Dec. 9, 2008). In *Jocz*, one defendant removed plaintiff's products liability action to federal court asserting that the local corporate defendants were fraudulently joined or were "nominal parties" whose citizenship should be disregarded. *Id.* at *1. Although the removing defendant conceded that plaintiff's complaint stated a claim against the local defendants, it asserted that the claims were not viable because the local corporations had been dissolved and plaintiffs had not filed a claim in those defendants' prior receivership proceedings. *Id.* at *3-4. The district court rejected defendant's arguments. The court concluded that the dissolution of the local corporations did not invalidate the viability of the claims against them, and the lack of assets did not establish that plaintiffs lacked a good faith intent to pursue the claims against the local defendants. *Id.* at *4-5. Citing various other court decisions, the court found that "[a] defendant's inability to pay a judgment, without more, does not render his joinder fraudulent . . . [t]hus, the crucial question pertains to the likelihood of liability, not the likely success of collection efforts." *Id.* at *5.[5] *See also NFC Acquisition, LLC v. Comerica Bank*, 640 F. Supp. 2d 964, 972 (N.D. Ohio 2009) (claims that nondiverse defendant's financial status is allegedly *de facto* bankrupt is not relevant to fraudulent joinder analysis); *Nosonowitz v. Allegheny Beverage Corp.*, 463 F. Supp. 162, 164 (S.D.N.Y. 1978) (the fact that nondiverse defendant could not respond in money damages did not establish fraudulent joinder).[6] Absent discovery or other investigation, Plaintiff cannot

---

[5] Glencore's attempt to distinguish *Jocz* by highlighting the alleged motive here to destroy diversity jurisdiction and the ability in *Jocz* to serve discovery on the dissolved corporation's receiver (Dkt. No. 9 at 7 n.7) is unpersuasive. The motive to destroy diversity argument has been deemed insufficient to establish fraudulent joinder. Further, discovery may still be available from former directors, officers, and employees of Cosmogony.

[6] While Glencore focuses on Plaintiff's alleged inability to collect a judgment, the Court notes that the Declaration of Cosmogony's former counsel is silent as to whether Cosmogony has assets or insurance policies that might provide a source for collection of a potential judgment. Likewise, there is no indication that Cosmogony dissolved the corporation or wound up its corporate affairs

determine, for example, whether Cosmogony: (1) is operating contrary to Virgin Islands statutes; (2) has documents or other information relevant to Plaintiff's claims; or (3) has insurance or any other means by which a judgment might be collected.

Finally, the Third Circuit has rejected Glencore's repeated argument that Plaintiff's motive for including Cosmogony as a defendant—to defeat diversity jurisdiction—provides a basis to find fraudulent joinder. *Abels*, 770 F.2d at 32. Courts applying the fraudulent joinder doctrine have held that a plaintiff's motive in including a nondiverse defendant in order to defeat diversity jurisdiction does not establish fraudulent joinder. *See, e.g., Chicago, Rock Island & Pac. Ry. Co. v. Schwyhart*, 227 U.S. 184, 193 (1913) ("[T]he motive of the plaintiff, taken by itself, does not affect the right to remove. If there is joint liability, he has an absolute right to enforce it, whatever the reason that makes him wish to assert that right."); *Parks v. New York Times Co.*, 308 F.2d 474, 478 (5th Cir. 1962), *cert. denied* 376 U.S. 949 (1964) (the motive for joining a nondiverse defendant is immaterial, even when that defendant is judgment-proof); *Ahearn v. BJ's Wholesale Club, Inc.*, Case No. 19-3012, 2020 WL 1308216, *5 (E.D. Pa. Mar. 18, 2020) (plaintiff's motive of defeating diversity jurisdiction is not indicative of fraudulent joinder). Absent a showing of one of the two bases for establishing fraudulent joinder—which has not been shown here—Plaintiff has a right to select the forum, to elect whether to sue joint tortfeasors, and to prosecute his own suit in his own way to a final determination.

---

in accordance with applicable law. *See* 13 V.I.C. §§ 283, 285 (setting out procedures for corporation dissolution and processes for winding up affairs of dissolved corporations).

## IV. CONCLUSION

In view of the foregoing, the Court finds that Glencore has failed to carry its heavy burden of establishing that Plaintiff fraudulently joined Cosmogony II, Inc. in this action. Accordingly, Plaintiff's Motion to Remand this action to the Superior Court of the Virgin Islands will be granted.

An appropriate Order accompanies this Memorandum Opinion.

Date: March 1, 2022

_____/s/_____
WILMA A. LEWIS
District Judge